UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT GOGUEN,            )
                          )
    Plaintiff             )
                          )
v.                        )    1:19-cv-00351-JAW
                          )
UNITED STATES OF AMERICA, )
                          )
    Defendant             )

### RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff seeks a declaratory judgment that the application to him of section 2250(a) of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C.§ 2250(a), is unconstitutional. (Complaint, ECF No. 1.) The matter is before the Court on Defendant's motion to dismiss. (Motion, ECF No. 16.)

After a review of the complaint and the parties' submissions, I recommend the Court grant Defendant's motion.

#### BACKGROUND

The facts set forth below are derived from Plaintiff's complaint. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017). The Court, however, need not credit conclusory legal allegations. *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). In addition, the facts are in part drawn from the records of Plaintiff's criminal dockets, as the

Court may take judicial notice of its own records. *Lussier v. Runyon*, 50 F.3d 1103, 1114 n.14 (1st Cir. 1995).

Section 2250(a) of SORNA provides that anyone required to register under SORNA who fails to do so, "shall be fined … or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a). Plaintiff was convicted in 2013 of failing to register as a sex offender as required by section 2250(a) and by the terms of his original supervised release conditions. (Case No. 1:11-cr-00003-JAW, ECF Nos. 80, 90). The Amended Judgment on that conviction also required Plaintiff to comply with SORNA. (*Id.*, ECF No. 90 at 3.) Plaintiff did not directly appeal from his conviction under SORNA. Subsequent to his release, Plaintiff violated the terms of his supervised release, and was sentenced to a term of imprisonment and supervised release under a revocation judgment. (*Id.*, ECF Nos. 112, 113.) The revocation judgment also required Plaintiff to comply with the requirements of SORNA. (*Id.*, ECF No. 113 at 3.)[1]

Plaintiff appealed from the revocation judgment and sought habeas relief under 28 U.S.C. § 2255; he did not, however, raise any issues regarding the constitutionality of section 2250(a) in either process. (*Id.*, *see* ECF Nos. 116, 125, 140, 142, 194.) The First Circuit affirmed the revocation judgment on October 9, 2014. (*Id.*, ECF No. 142.) This Court denied Plaintiff's habeas corpus petition on February 7, 2019. (*Id.*, ECF Nos. 253, 280.)[2]

---

[1] Plaintiff currently awaits sentencing for violating the terms of his latest supervised release. (*Id.*, ECF Nos. 144, 146, 193.)

[2] Plaintiff has appealed from the denial of his habeas petition to the First Circuit. (*Id.*, ECF No. 281.) The appeal is pending.

In the present action, Plaintiff alleges that SORNA, as applied to him, is unconstitutional. Specifically, Plaintiff alleges that, although he is not required to register under Maine state law, he is "still required to register under SORNA for life." (Complaint ¶ 9.) Plaintiff contends that applying SORNA to him violates the Tenth Amendment, the Privileges and Immunities Clause, and the Equal Protection Clause of the Fourteenth Amendment. (Complaint ¶¶ 10-12.)

### **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action based on a "lack of subject matter jurisdiction." "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). Pursuant to Rule 12(b)(1), a defendant may file a motion to dismiss asserting that the court lacks jurisdiction over the subject matter of the litigation. Fed. R. Civ. P. 12(b)(1). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010). The court may also consider depositions and exhibits introduced by the parties to establish jurisdictional facts. *Id.* The burden of proving subject matter jurisdiction falls to the party invoking the court's jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

In addition, pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court

must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's complaint is an improper attempt to attack Plaintiff's 2013 conviction under section 2250(a) of SORNA and the revocation judgment. Defendant contends that if section 2250(a) is declared unconstitutional as applied to Plaintiff, his prior failure-to-register conviction will

4

be nullified, and this Court would, in effect, overrule its own prior criminal judgments of conviction and revocation.

Federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). The proper avenues for collaterally attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. § 2255. *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition). Because Plaintiff's request for declaratory judgment amounts to a collateral attack on a criminal judgment of this Court, the Court is without jurisdiction to consider Plaintiff's claim.

### B. Plaintiff's Constitutional Claims

Even if Plaintiff's complaint is construed to assert a claim within this Court's subject matter jurisdiction, Plaintiff has failed to allege a claim upon which he could recover. That is, Plaintiff's constitutional challenge to SORNA fails.

SORNA, enacted by Congress in 2006, created "a comprehensive national system for the registration of [sex] offenders." 42 U.S.C. § 16901. Sex offenders are required to "register, and keep the registration current, in each jurisdiction where the offender resides …." 42 U.S.C. § 16913(a). Section 2250 of SORNA "is not a stand-alone response to the problem of missing sex offenders; it is embedded in a broader statutory scheme enacted to address the deficiencies in prior law that had enabled sex offenders to slip

through the cracks." *Carr v. U.S.*, 560 U.S. 430, 455 (2010).[3] Section 2250(a) imposes criminal sanctions upon sex offenders who fail to register as required by SORNA. 18 U.S.C. §2250(a).

Plaintiff seeks "to ascertain [his] rights and duties without first subjecting [him] to further liability" under section 2250(a). (Response to Motion at 2, ECF No. 17.) He requests a declaratory judgment that the application of section 2250(a) to him violates the Tenth Amendment, the Privileges and Immunities Clause and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff contends that section 2250(a) violates the Tenth Amendment by unconstitutionally encroaching on Maine's police powers. Although "SORNA imposes a duty *on the sex offender* to register, it nowhere imposes a requirement *on the State* to accept such registration." *Kennedy v. Allera*, 612 F.3d 261, 269 (4th Cir. 2010) (emphasis in original); *see also U.S. v. White*, 782 F.3d 1118, 1128 (10th Cir. 2015); *U.S. v. Felts*, 674 F,3d 599, 602 (6th 2012). Moreover, "SORNA allowably creates financial incentives to encourage states, including Maine, to bring its sex offender registration system in line with SORNA's requirements." *U.S. v. Gagnon*, 574 F. Supp. 2d 172, 179 (D. Me. 2008), *vacated and remanded on other grounds*, 565 U.S. 1189 (2012); *see also White*, 782 F3d

---

[3] Under SORNA, "the [federal] registration requirements for sex offenders are neither conditioned on nor harnessed to state implementation of SORNA's state-directed mandates." *U.S. v. Thompson*, 431 F. Appx. 2, 3 (1st Cir. 2011). Thus, even if Plaintiff is not, as he alleges, required to register under the provisions of Maine's sex offender registry law, he still is required to register federally under SORNA. *Id.*; *see also U.S. v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) ("Although SORNA requires states to maintain a jurisdiction-wide sex offender registry, SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement"). Moreover, SORNA's registration requirements apply even if the predicate offense occurred before the statute's July 2006 effective date. *See U.S. v. Park*, 698 F.3d 1 (1st Cir. 2012)

6

at 1127-28; *Felts*, 674 F.3d at 602; *Kennedy,* 612 F.3d at 269; *U.S. v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014*); U.S. v. Johnson*, 632 F.3d 912, 920 (5th Cir. 2011). The federal government, therefore, "commits no violation of the Tenth Amendment … by enforcing [a] failure to comply with the sex offender registration requirements." *Gagnon*, 574 F. Supp. 2d at 179.

Plaintiff's contention that section 2250(a) violates article IV, section 2, clause 1 (Privileges and Immunities Clause) of the Constitution is also without merit.[4] The Privileges and Immunities Clause provides that the "citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." In other words, states "must accord residents and nonresidents equal treatment." *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 279 (1985). The Privileges and Immunities Clause therefore "imposes a direct restraint on state action in the interests of interstate harmony." *United Bldg. and Const. Trades Council of Camden Cnty. v. Mayor and Council of City of Camden*, 465 U.S. 208, 220 (1984). The clause, which applies to state action, thus does not apply to federal statutory requirements such as SORNA.

Plaintiff also asserts that section 2250(a) violates his right to equal protection guaranteed under the Fourteenth Amendment. (Complaint ¶ 12.) The Fourteenth Amendment, by its terms, applies to state action. However, "the Due Process Clause of the Fifth Amendment is treated as containing an equal protection component that binds the

---

[4] Plaintiff appears to concede somewhat that the Privileges and Immunities Clause is not applicable to his claim. (*See* Response to Motion at 2, ECF No. 17.)

7

federal government in the same way that the Equal Protection Clause [of the Fourteenth Amendment] binds the states." *Gonzales-Maldonado v. MMM Healthcare, Inc*., 693 F.3d 244, 247 n.2 (1st Cir. 2012). Courts thus assess an equal protection claim under the Fifth Amendment as they assess a claim under the Fourteenth Amendment. *See Carrasco v. Sec'y of HEW*, 628 F.2d 624, 628 n.5 (1st Cir. 1980).

In that assessment, courts have uniformly found that sex offenders such as Plaintiff are not members of a suspect or protected class, *see, e.g., Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014), and that section 2250 is "rationally related to the legitimate government interest in protecting the public from sex offenders and offenders against children …." *U.S. v. Benevento*, 633 F. Supp. 2d 1170, 1211 (D. Nev. 2009); *see also U.S. v. Juvenile Male*, 670 F.3d 999, 1009-10 (9th Cir. 2012) ("SORNA's requirements satisfy rational basis review and do not violate the Equal Protection Clause."); *Umbarger v. Michigan*, No. 1:12-cv-705, 2013 WL 444024, at *6 (W.D. Mich. Feb.5, 2013) (no merit to claim SORNA violates equal protection in treating sex offenders differently from other offenders); *U.S. v. Kelly*, No. 1:12-CR-87, 2012 WL 1565384, at *2-3 (E.D. Tenn. Apr. 30, 2012) (SORNA rationally related to legitimate government interest and registration requirements narrowly tailored to serve that interest). The reasoning of the courts is sound and applicable to Plaintiff's claim. Plaintiff has thus failed to state an actionable equal protection claim.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant's motion to dismiss, and that the Court dismiss Plaintiff's claims against Defendant.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[5] A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of March, 2020.

---

[5] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)